**[J-41A-2023 and J-41B-2023] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.E.M.  APPEAL OF : N.E.M., A CHILD IN CUSTODY | : | No. 8 EAP 2023 |
| | : | |
| | : | Appeal from the Order of Superior |
| | : | Court entered on September 28, |
| | : | 2022 at No. 86 EDM 2022 affirming |
| | : | the Order entered on August 11, |
| | : | 2022 in the Court of Common Pleas, |
| | : | Philadelphia County, Juvenile |
| | : | Division at CP-51-JV-0000789-2022. |
| | : | |
| | : | SUBMITTED:  August 25, 2023 |
| | | |
| IN THE INTEREST OF: N.E.M.  APPEAL OF : N.E.M., A CHILD IN CUSTODY | : | No. 9 EAP 2023 |
| | : | |
| | : | Appeal from the Order of Superior |
| | : | Court entered on September 28, |
| | : | 2022 at No. 87 EDM 2022 affirming |
| | : | the Order entered on August 11, |
| | : | 2022 in the Court of Common Pleas, |
| | : | Philadelphia County, Juvenile |
| | : | Division, at C-51-JV000789-2022. |
| | : | |
| | : | SUBMITTED:  August 25, 2023 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                                      **DECIDED: March 21, 2024**

I join the core legal holdings of the majority opinion — namely, (1) although this appeal is technically moot, it meets the "capable of repetition yet likely to evade review" mootness exception; and (2) Pennsylvania Rule of Appellate Procedure 1612 provides for an appeal as of right.[1]  I write separately only to express my faith in the lower courts

---

[1] On this point, I add only that there is perhaps some ambiguity in Rule 1612, which provides: "The reviewing court **shall** not consider any challenge to the juvenile court's selection of a specific agency or specific institution as the site of the out-of-home (continued…)

and my belief their decisions here, although at times mistaken, were not as "egregious" as the majority makes out. Majority Opinion at 19.

Preliminarily, I agree with the majority that Pennsylvania Rule of Juvenile Court Procedure 512(D) lists the particular factual findings and conclusions of law the juvenile court must enter into the record. Specifically, the Rule provides:

> **D. Court's Findings.** The court shall enter its findings and conclusions of law into the record and enter an order pursuant to Rule 515. On the record in open court, the court shall state:
>
> > (1) its disposition;
> >
> > (2) the reasons for its disposition;
> >
> > (3) the terms, conditions, and limitations of the disposition; and
> >
> > (4) if the juvenile is removed from the home:
> >
> > > (a) the name or type of any agency or institution that shall provide care, treatment, supervision, or rehabilitation of the juvenile;
> > >
> > > (b) its findings and conclusions of law that formed the basis of its decision consistent with 42 Pa.C.S. §§6301 and 6352, including why the court found that the out-of-home placement ordered is the least restrictive type of placement that is consistent with the protection of the public and best suited to the juvenile's treatment, supervision, rehabilitation, and welfare; and
> > >
> > > (c) the provision of educational services for the juvenile pursuant to Rule 148;
> >
> > (5) whether any evaluations, tests, counseling, or treatments are necessary;
> >
> > (6) any findings necessary to ensure the stability and appropriateness of the juvenile's education, and when appropriate,

---

placement and instead **may** consider only a challenge to the fact that the placement is out-of-home." Pa.R.A.P. 1612(c)(1) (emphasis added). Although "may" often connotes a permissive option (especially in contrast to the mandatory "shall"), its use in this Rule, which is defining the "[s]cope of review" is less clear-cut; it instead could be read as defining the type of challenge the Superior Court is allowed to consider when conducting its mandatory review. *Id.* The Rule might be ambiguous, but I agree with the majority's interpretation, based on the Rule's history, that it was intended to provide an appeal as of right. *See* Majority Opinion at 15-19.

the court shall appoint an educational decision maker pursuant to Rule 147; and

(7) any findings necessary to identify, monitor, and address the juvenile's needs concerning health care and disability, if any, and if parental consent cannot be obtained, authorize evaluations and treatment needed.

Pa. R. Juv. C. P. 512(D). Though this rule is extensive, its mandate is plain: the juvenile court must discuss these points on the record in open court and enter an order pursuant to Rule 515.

I further agree the juvenile court here did not provide all of the information listed in Rule 512(D)(4) when imposing N.E.M.'s out-of-home placement, and most significantly, did not state why such placement was the "least restrictive type of placement that is consistent with the protection of the public and best suited to the juvenile's treatment, supervision, rehabilitation, and welfare[.]" *Id.* Clearly, the court should have done more on the record to comply with the Rule, but I disagree that "[i]t made no effort to comply with the requirement for an on-the-record statement concerning N.E.M.'s disposition." Majority Opinion at 20. Notably, at N.E.M.'s July 26, 2022 hearing, the juvenile court began by summarizing that it had adjudicated N.E.M. delinquent on July 1, 2022 on two separate petitions, the second one being a carjacking. *See* N.T. 7/26/2022 at 3.[2] The court then explained such "[f]elonies have a presumption that the juvenile is in need of treatment, rehabilitation, and supervision." *Id.*[3]

---

[2] I acknowledge the July 26, 2022 hearing transcript was not included in the certified record, but the juvenile court provided this transcript to the Superior Court upon N.E.M.'s request and the Superior Court's order, so I reference it here. I additionally note the July 1, 2022 hearing transcript is also missing from the certified record, but it was included in an attachment to N.E.M.'s petition for allowance of appeal.

[3] Although the juvenile court did not provide a citation at the hearing, it appears the court was referencing the statutory presumption in 42 Pa.C.S. §6341(b) ("Finding of delinquency"), which provides in relevant part: "In the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony shall be sufficient to sustain a finding that the child is in need of treatment, supervision or rehabilitation." 42 Pa.C.S. (continued…)

The court went on to explain N.E.M. committed "two separate offenses[,]" the second of which "escalated to violence." *Id.* at 3-4. The court then found, "[b]ased upon this young man's – the violence committed in this case[,] I think he's a danger to the community. So the motion [to reconsider] is denied." *Id.* at 4. The court thus made clear on the record its finding N.E.M. was in need of treatment, rehabilitation, and supervision, as well as its concern his violent behavior presented a danger to the community.[4] These express findings also provide insight into why the juvenile court believed out-of-home placement was the proper course.

Then, at the August 11, 2022 hearing, the court heard testimony from N.E.M.'s probation officer, who explained he was "denied from both Adelph[o]i and Abraxas [residential treatment facilities (RTFs)] due to his history of aggression, impulsivity, and not being med compliant." N.T. 8/11/2022 at 3-4. She explained a RTF was not recommended, but that N.E.M. "would benefit from living in a setting that can provide close supervision, such as he does not run away and will attend school daily." *Id.* at 4. She further stated "[i]t is medically necessary that [N.E.M.] is to receive drug and alcohol relapse support[, and] for [N.E.M.] to receive psychiatric medication management." *Id.* The probation officer also recommended the child's "educational placement provide all accommodations identified as needed on his IEP." *Id.* Finally, while she acknowledged N.E.M.'s mother was willing to take him home if that were an option, the probation officer concluded "the only thing we have left really is for -- to commit him to the state at this

---

§6341(b); *see also* Trial Court Op. at 3, *citing In re: C.B.*, 241 A.3d 677 (Pa. Super. 2020) (discussing 42 Pa.C.S. §6341(b)).

[4] The court emphasized these findings in its Rule 1925(a) opinion, stating: "The first incident was violent. The second incident escalated quickly to a much more dangerous level of violence[.]" Trial Court Op. at 3. It also reiterated "this court found that N.M. is a danger to the community." *Id.*

point." *Id.* After hearing argument from counsel for N.E.M. and the Commonwealth, the juvenile court judge stated his "previous ruling stands." *Id.* at 8. He elaborated:

> [N.E.M.]'s going to be committed to the state with appropriate services. He has to be in a secure facility. So hopefully we can get him some mental health treatment wherever he goes. You guys can try to craft up a plan depending upon how long he's there. . . . I will listen to arguments regarding the plan. But for now, [with] actions come consequences.

*Id.* at 8-9.

This excerpt from the hearing transcript again demonstrates the court's concern with the safety of the community and the need to provide N.E.M. with proper treatment, as well as the court's purpose in imposing "consequences" for his crimes. And of course, the juvenile court judge — who sees the child, victim, and other witnesses in person at the hearing — is in the best position to make these determinations. Nonetheless, while I do not doubt the juvenile court's intentions to impose a just disposition, the rules are the rules, and Rule 512(D) requires a more explicit statement on the record.

I am likewise skeptical that we can say for sure what the Superior Court did (or did not) consider based on its *per curiam* order. *But see* Majority Opinion at 15. Like the majority, I am "confident that the Superior Court understands that the fundamental purposes of intermediate appellate court review are to promote adherence to the rule of law, correct lower court errors and assist in the development of the law." *Id.* at 20-21. Thus, although its *per curiam* order provided no explanation, I am sure the Superior Court's determination was thoughtful and well-considered.[5] But to the extent there is confusion whether Rule 1612 **requires** expedited appellate review, today's decision clears up any questions. And because the record did not include all of the information

---

[5] The Superior Court's order directing the juvenile court to supplement the record with transcripts of the July 26 and August 11 hearings suggests the appellate panel at least considered the underlying merits of N.E.M.'s petition. *See* 8/26/2022 Order, *In re: N.E.M.*, 87 EDM 2022 (*per curiam*).

required by Rule 512, I agree with the majority the proper course would have been to "order[] the juvenile court to author an opinion compliant with Rule 515 immediately so that N.E.M. would have had the benefit of the expedited review of his out-of-home placement to which he was entitled." *Id.* at 20.

Thus, although I disagree with the majority's characterization of how the lower courts performed their duties in this case, I agree with its legal holdings and disposition. I therefore join its opinion, with the qualifications expressed above.

Justices Mundy and Brobson join this concurring opinion.